## WILLIAMS *v.* W. M. HARDEE & SON.*

(Division B. Nov. 16, 1925.)

[106 So. 17. No. 25018.]

1. CONTRACTS. *Contract held not unilateral and without consideration.*
   Contract in form of certificate, signed by W., that he agrees to deliver cotton to H. at a certain time and price, is not open to objection of being unilateral and without consideration; H.'s signature being below under the same date and the word "accepted."

2. SALES. *Contract need not give weight of bales of cotton.*
   Contract for sale of bales of cotton need not give their weight; the standard weight of five hundred, of which, as common knowledge, judicial notice is taken, being implied.

3. EVIDENCE. *Market value of cotton at certain time and place held for jury on evidence of its sale price a few miles away; judicial notice taken of what is common knowledge among cotton trade as to prices of cotton.*
   Market value of cotton at a certain time is sufficiently shown to go to the jury by positive testimony of the price at which it then sold at a market place a few miles distant; judicial notice being taken of what is common knowledge among the cotton trade, that the prices of the various grades and staples of short

staple cotton, at any time, are substantially the same for each all over the cotton belt, differences in freight alone considered.

4. SALES. *Demand or tender not necessary for action for breach of contract, where goods are to be delivered at particular time and place and then paid for.*

It is not necessary for buyer, before bringing action for breach of contract to sell, to demand the goods or tender price, where goods are to be delivered at a particular time and place and to be paid for on delivery.

5. EVIDENCE. *Place of delivery, as to which written contract is silent, provable by parol.*

Where written contract for sale and delivery of goods is silent as to place of delivery, it may be shown by parol.

6. SALES. *Place, as well as time, for delivery held fixed, so that seller was in default in not making tender.*

Though contract for sale and delivery expressly set out only time for delivery, place of delivery is sufficiently fixed as buyer's place of business in the town in which both parties do business so as to put seller in default for not tendering delivery there of the balance of the cotton sold, by evidence that the parties treated that as the place of delivery; the part of the cotton which was delivered having been there delivered.

---

*Headnotes 1. Contracts, 13 C. J., sections 75, 191; Sales, 35 Cyc., page 87; 2. Sales, 35 Cyc., p. 209; 3. Evidence, 23 C. J., Section 1813; Sales, 35 Cyc., p. 649; 4. Sales, 35 Cyc., pp. 620, 621; 5. Evidence, 22 C. J., Section 1589; 6. Sales, 35 Cyc., p. 172.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action by W. M. Hardee & Son against R. F. Williams. Judgment for plaintiffs, and defendant appeals. Affirmed.

See, also, 106 So. 16.

*Jeff Collins,* for appellant.

I. We desire, first, to discuss overruling of the demurrer filed by the defendant to the declaration in this

case, and call the court's attention to the alleged contract, which, we say, shows on its face that it was without consideration, and being without consideration, was, therefore, unenforceable. Again, the contract was unilateral and, therefore, unenforceable.

II.   Before the trial court would be warranted in giving a peremptory instruction for the plaintiff in this case, plaintiff must have had made out a case, the testimony being construed most strongly against him, with proof to a reasonable certainty.

So we submit that the following facts have to be proved with reasonable certainty; namely: (1) the amount of cotton *to be* delivered, (2) the amount of cotton *delivered,* (3) the contract price, (4) the market price, (5) a *demand* upon the defendant by the plaintiff for the difference, (7) the *actual profit* or *actual loss* for non-delivery.

The plaintiff said that the defendant was due him two thousand eight hundred twenty-four pounds of cotton based upon the average weight of five hundred pounds per bale. We submit that the written contract is the best evidence of the amount of cotton to be delivered, and there is no reference in the contract anywhere as to how many pounds were to be considered as a bale, and there is no law that we know of fixing the average weight of a bale of cotton. And if there is no law fixing the average weight of the bales of cotton and nothing in the contract with reference to the average weight of the bales of cotton, then the plaintiff's reference to five hundred pounds for his calculation as to two thousand eight hundred twenty-four pounds, which he said was the balance due, was not justified under the contract. So we submit that the testimony with reference to the amount of cotton to be delivered is so uncertain that a verdict cannot be based upon it.

As to the amount of cotton delivered, the testimony shows that three bales of one thousand one hundred seventy-six pounds were delivered and accepted upon

this contract. Those three bales weighed less than five hundred pounds each, but they were called bales of cotton notwithstanding. If the average weight of these three bales should be taken as a criterion by which to figure the amount due, then the judgment would be far less than one hundred eighty-one dollars and sixty-four cents, if the other elements necessary to be proved had been proved. But the court gave the peremptory instruction for one hundred eighty-one dollars and sixty-four cents.

The plaintiff based his right of recovery upon the proposition that he was entitled to the difference in value between twenty-five cents per pound on seven bales of cotton and the market value of "middling cotton" on October 31. The plaintiff, himself, was unable to testify what was the market value of the cotton on October 31, and so stated in the record that he did not know. And search the record as you may and you will not find any testimony at all with reference to the market value of cotton either at Meridian or Sandersville. 24 R. C. L., sec. 390, page 120.

It is our contention that the burden was on the plaintiff in this case to prove the market value of cotton at *Sandersville* and *Meridian* since the contract fixes the *place* of delivery and fixes the place where the market value is to be determined. If the plaintiff failed to prove the market value at the *place* designated in the contract, then he failed to make his case. We most respectfully submit that the plaintiff has failed to make out his case with reference to what the market value of cotton was at the time and place of delivery.

See 35 Cyc., page 624, 35 Cyc., page 620, 24 R. C. L., section 334, page 69.

The burden is on the plaintiff to prove the grade of cotton to be delivered, and we respectfully submit that there is no testimony in the record whatever with reference to the market of any kind of cotton below middling, while the contract says that the defendant may deliver "below middling on the Meridian market."

If plaintiff has proved the allegations of his declaration so as to entitle him to a verdict, then we fail to find the record of it, and we believe that this court will so see the case.

*Shannon & Schauber,* for appellee.

I.   We do not think there is any question under the decisions of this court but that the court will hold that the contract in this case is a good contract with a valid consideration.   The contract states the grade of cotton to be delivered, when it is to be delivered, where it is to be delivered, the amount of cotton to be delivered, and the price to be paid for the same.   This contract is signed by R. F. Williams, the appellant, and shows that it was accepted by W. M. Hardee & Son.   It was dated March 27, 1923, Sandersville, Jones county, Mississippi, and shows that it was witnessed by L. J. Hayman.

There is no ambiguity about this contract.   It is a straight, clear-cut contract wherein one party, R. F. Williams, agrees to deliver ten bales of cotton by a specified time, of a specified grade, at a specified price, being twenty cents per pound, and the other party, W. M. Hardee & Son, agrees to pay for the same at twenty-five cents per pound.

Counsel for appellant seems to think there is some doubt as to the amount of cotton which should be delivered under the terms of this contract.   It is a matter of common knowledge, and is testified to in this case, that five hundred pounds is accepted among all cotton men and cotton raisers as a standard weight bale.   There can be no question about this.   Counsel for appellant also seem to think that the appellee did not fix the price of the cotton at Sandersville, Mississippi, but see the testimony of W. M. Hardee.   The price of middling cotton on October 31, 1923, was twenty-nine and three-fourths cents per pound in Laurel, Mississippi.   We think this unquestion-

ably fixes the market value of cotton on that date under the terms of this contract. We think, however, as stated above, that this is a valid contract, and that the testimony has established the same. *Willis* v. *Ellis,* 98 Miss. 197.

We do not think there is any question as to the sufficiency of the consideration in this contract, but see *Miller* v. *Bank of Holly Springs,* 95 So. 129.

II. What is the plaintiff entitled to recover under this contract? The appellant delivered only three small bales, weighing only eleven hundred and ninety-six pounds. He should have delivered thirty-eight hundred and twenty-four pounds more. The record shows that the market value on that date was twenty-nine and three-fourth cents per pound. The record also shows that the standard weight of a bale of cotton is five hundred pounds.

The price that W. M. Hardee & Son agreed to pay under the contract was twenty-five cents per pound, and so W. M. Hardee & Son are entitled to recover the difference between the contract price of twenty-five cents and the market price of twenty-nine and three-fourths cents per pound on the number of pounds of cotton which R. F. Williams, the appellant, failed to deliver, which was thirty-eight hundred and twenty-four, or the sum of one hundred eighty-one dollars and sixty-four cents. In *Cobb* v. *Cole,* 91 So. 705, the court states that "the measure of damages is the difference between the contract price and the market price of such property at the time and place of delivery as provided in the contract of sale. See also *Eaver* v. *W. H. Harris & Sons Co.,* 49 So. 258.

ANDERSON, J., delivered the opinion of the court.

Appellees, W. M. Hardee & Son, brought this action against appellant, R. F. Williams, in the circuit court of Jones county, to recover damages for an alleged breach of contract entered into by the parties by which appellant contracted to sell and deliver to appellees ten bales of cotton, and recovered judgment for one hundred eigh-

ty-one dollars and sixty-four cents, from which appellant prosecutes this appeal.

Appellant introduced no testimony. At the conclusion of appellees' evidence, appellant moved the court to exclude the evidence and direct a verdict in his favor. This motion was overruled. Thereupon the court, at the request of appellees, instructed the jury to return a verdict in their favor and assess their damages at one hundred eighty-one dollars and sixty-four cents. Appellant assigns, as error, the refusal of his request for a directed verdict and the granting of appellees' request for such a verdict.

The contract involved is in writing in this language:

"Sandersville, Miss.

"This is to certify that I do this day hereby agree to deliver to W. M. Hardee & Son in September and October, 1923, ten (10) bales of cotton at twenty-five cents (25c) a pound for middling and above. Any grades below middling (if any) to be taken at their value according to differences prevailing in the Meridian market at that time.

"Witness my hand and signature this the 27th day of March, 1923, at Sandersville, Jones county, Miss.

"[Signed] R. F. WILLIAMS.

"L. J. HAYMAN.

"Accepted 3/27/1923.

"W. M. HARDEE & SON."

The appellant delivered on the contract before the expiration of the delivery, period three bales of cotton, aggregating one thousand one hundred seventy-six pounds. Appellees conceiving that the contract contemplated the delivery of ten bales of cotton weighing five hundred pounds each, aggregating therefore five thousand pounds, sued for the difference between the contract price of twenty-five cents and the alleged market price at the time and place of delivery, twenty-nine and three-fourths cents. On the basis of that difference (four and three-

fourths cents), appellees recovered one hundred eighty-one dollars and sixty-four cents, being the difference between five thousands pounds and one thousand, one hundred and seventy-six pounds, the weight of three bales delivered on the contract.

Appellant contends that the demurrer to appellees' declaration should have been sustained upon the ground that the contract sued on was unilateral and without consideration. The contract was executed by both parties. It is true it is in the form of a certificate on the part of the appellant as to what he undertook to do, but it was dated and signed by him, and to the left of his signature, appellees indorsed on it as follows: "Accepted 3/27/1923. W. M. Hardee & Son." The form in which a contract appears is not material. If it be executed by the parties, and if, on a fair interpretation of its language, the obligations assumed by the respective parties can be ascertained, it will be sufficient in law. Applying that principle, we see no difficulty in holding that the contract here involved is a valid, binding contract on the parties thereto. By its terms, appellant undertook to deliver to appellees ten bales of middling cotton "and above" during September and October, 1923, at a price of twenty-five cents a pound "for middling and above," with the right to deliver grades below middling to be taken at their market value according to the prices prevailing in the Meridian market. When the appellees wrote their acceptance on the contract, that meant that they accepted appellant's proposition and agreed to the terms therein set out and undertook to carry out that part of its obligations therein imposed on them.

We hold that the contract is not one-sided, but, on the contrary, it contains obligations undertaken by each of the parties with an adequate consideration moving to each from the other, and is therefore valid.

Appellant argues that the contract is unenforceable because the contract itself fails to specify the weight per bale of the ten bales of cotton to be delivered, and the

testimony fails to show that fact. One witness testified that the weight of a standard bale of cotton was five hundred pounds. It is a matter of common knowledge among those engaged in the cotton trade in the cotton belt of this country, and probably wherever cotton is dealt in, that five-hundred-pound weight is the standard bale of cotton; that, in the making of contracts for the purchase and sale of cotton, it is understood, without being so written in the contract, that a five hundred pound bale is contemplated. The courts will take judicial knowledge of that fact, as they do of other trade customs and practices known and understood by all those engaged therein. Therefore it was not necessary to insert in the contract here involved, nor prove, the weight of the bales of cotton sold and purchased.

The appellant contends that appellees failed to establish the market value of the undelivered cotton on the 31st of October, 1923, the last day in which appellant had to make delivery, and that, therefore, appellees were not entitled to recover. We think the evidence on this proposition was sufficient to go to the jury. Mr. Senton, witness for appellees, testified positively that middling cotton on the 31st day of October, 1923, was twenty-nine and three-fourths cents on the streets of Laurel. Again, the court will take judicial notice of what is common knowledge among the cotton trade: that is, that the prices of the various grades and staples of short staple cotton at any given time are substantially the same for each all over the cotton belt, differences in freight alone considered. The market quotations of such cotton at large concentration points, such as New Orleans, Memphis, and Houston, are substantially the prices all over the cotton belt, with the differences in freight considered. There could be no difference, therefore, in the real market value of cotton at Laurel and Sandersville and Meridian, which are only a few miles apart.

Appellant contends that appellees were not entitled to recover, because they failed to show that, before bringing

suit, they demanded of appellant the balance of the cotton due them under the contract. As authority for that position, appellant refers to 35 Cyc., pp. 620-624; 24 R. C. L., p. 69, section 334. In the authorities referred to, the general rule is stated as contended for by appellant, that the seller in an action by him for damages for a breach of contract for the purchase of personal property must aver and prove payment or tender of the purchase money, or readiness to receive and pay for the goods. But it is distinctly stated in each of the authorities (and the text is supported by the cases in the footnotes) that, if the goods are to be delivered at a particular time and place and to be paid for on delivery, it is sufficient to allege a readiness and willingness to take and pay for the goods without alleging and proving tender of the purchase money. The reason for this difference is that, where no time and place of delivery is fixed, it is the duty of the purchaser to notify the seller when he desires delivery of the goods, as well as of the place where he desires their delivery; otherwise the seller would not know when or where to deliver the goods, and therefore could not be put in default without such demand on the part of the purchaser. But, where the time and place of delivery is fixed by the contract, the seller knows exactly what he is to do. He knows when to deliver the goods and at what place to deliver them. Therefore no precedent action on the part of the purchaser is required. The seller in that case is in such position that he must act first by making a tender of the goods at the time and place of delivery; otherwise he will be in default.

The contract in this case fixes the time of delivery, namely, at any time in September and October, 1923. The place of delivery, it is true, is not expressly set out in the contract, but the place of delivery was shown by parol testimony to be appellees' place of business in Sandersville, where they were engaged in mercantile business, including the cotton business. If a contract in writing is silent as to an essential act to be done in order to carry it out,

such an act may be shown by parol testimony. It is true in this case that no witness testified directly that the cotton was to be delivered to appellees at their place of business in Sandersville. Nevertheless the contract was dated at Sandersville, and the evidence shows that the parties treated that as the place of delivery; that that part of the cotton which was delivered under the contract was delivered to appellees at their place of business. We hold, therefore, that this is a case where the time and place of delivery was fixed, and appellant, the seller, was in default because delivery was not tendered appellees; that it was the duty of appellant during the period fixed in the contract to tender delivery at appellees' place of business in Sandersville.

We find no merit in the other contentions of appellant, and we do not deem them of sufficient importance for discussion.

*Affirmed.*